# Exhibit A

FILED: SUFFOLK COUNTY CLERK 10/18/2021 09:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 619700/2021
RECEIVED NYSCEF: 10/18/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
LOVE PIERRE-ALCIME,

                              Plaintiff,

             -against-

RM RESOURCES and COSTCO WHOLESALE
CORPORATION,

                             Defendants.
-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's residence.

Plaintiff resides at:
137 W Belle Terre
Lindenhurst, New York 11757

County of Suffolk

**TO THE DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       October 14, 2021

                                       Yours, etc.,

                                       SANDERS, ARONOVA, GROSSMAN,
                                       WOYCIK, VIENER & KALANT, PLLC

                                       _____
                                       MICHAEL F. VILLECK
                                       Attorneys for Plaintiff
                                       **LOVE PIERRE-ALCIME**
                                       100 Garden City Plaza, Suite 500
                                       Garden City, New York 11530
                                       (833) 726-3377
                                       **FILE #: SAG-TRIP & F-67359**

TO:   **RM RESOURCES**
       85 South Service Road
       Plainview, New York 11803

       **COSTCO WHOLESALE CORPORATION**
       17800 Congress Avenue
       Boca Raton, Florida 33431

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X  Index No.:
LOVE PIERRE-ALCIME,

          Plaintiff,    **VERIFIED COMPLAINT**

  -against-

RM RESOURCES and COSTCO WHOLESALE
CORPORATION,

          Defendants.

-----------------------------------------------------------------X

  Plaintiff, by her attorneys, SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, complaining of the defendants above named, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF: LOVE PIERRE-ALCIME

  1. That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Suffolk and State of New York.

  2. That at all the times hereinafter mentioned, defendant, RM RESOURCES, was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

  3. Upon information and belief that at all the times hereinafter mentioned, defendant, RM RESOURCES, was and still is a foreign corporation organized and existing by virtue of the laws of the State of New York.

  4. Upon information and belief, that at all the times hereinafter mentioned, defendant, RM RESOURCES, was and still is a limited liability company doing business in the State of New York.

FILED: SUFFOLK COUNTY CLERK 10/18/2021 09:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 619700/2021
RECEIVED NYSCEF: 10/18/2021

5. That at all the times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

6. Upon information and belief that at all the times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was and still is a foreign corporation organized and existing by virtue of the laws of the State of New York.

7. Upon information and belief, that at all the times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was and still is a limited liability company doing business in the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, on or about the 30th day of July, 2021, defendant, RM RESOURCES, owned the premises located at 625 Broadhollow Road, which is known as Costco, County of Suffolk and State of New York; as well as the sidewalk, pavement and roadway located on, in front of and abutting said premises, near the entrance to said premises; and the surrounding area thereat.

9. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, operated the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

10. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, maintained the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

11. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, managed the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

12. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, controlled the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

13. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, leased and supervised the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

14. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, repaired and performed repair work at the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

15. Upon information and belief, that at all times hereinafter mentioned defendant, RM RESOURCES, its agents, servants and/or employees, inspected the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

16. Upon information and belief, that at all times hereinafter mentioned, on or about the 30th day of July, 2021, defendant, COSTCO WHOLESALE CORPORATION, owned the premises located at 625 Broadhollow Road, which is known as Costco, County of Suffolk and State of New York; as well as the sidewalk, pavement and roadway located on, in front of and abutting said premises, near the entrance to said premises; and the surrounding area thereat.

17. Upon information and belief, that at all times hereinafter mentioned defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, operated the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

18. Upon information and belief, that at all times hereinafter mentioned defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, maintained the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

19. Upon information and belief, that at all times hereinafter mentioned defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, managed the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

20. Upon information and belief, that at all times hereinafter mentioned defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, controlled the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

21. Upon information and belief, that at all times hereinafter mentioned defendant COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, leased and supervised the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

22. Upon information and belief, that at all times hereinafter mentioned defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, repaired and performed repair work at the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

23. Upon information and belief, that at all times hereinafter mentioned defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, inspected the aforesaid premises, roadway, sidewalk, pavement and surrounding area thereat.

24. That on or about the 30th day of July, 2021, plaintiff was a pedestrian, lawfully at the aforementioned location, on the aforementioned sidewalk and/or pavement.

25. That on or about the 30th day of July, 2021, plaintiff, while walking on the aforesaid sidewalk and/or pavement at the aforementioned location, in a manner that a careful, prudent person would, was caused to trip and fall, lose her balance, be precipitated to the ground and was caused to sustain severe personal injuries as a result of the negligence of the defendants.

26. That the said occurrence and serious injuries sustained by this plaintiff were occasioned through the negligence, recklessness, gross negligence and carelessness of the defendants, their agents, servants, employees and/or licensees in the ownership, operation, control, repair, management, inspection and maintenance of said premises, roadway, sidewalk and pavement in causing, permitting and/or allowing the said premises, roadway, sidewalk and pavement at the aforementioned location to be, become and remain in a dangerous and hazardous condition, constituting a trap, nuisance and hazard; in failing to repair the aforementioned dangerous and defective condition; in allowing said roadway, sidewalk and pavement to become broken, cracked and depressed; in causing a raised, uneven sidewalk, pavement and roadway area to exist; in allowing a raised, uneven sidewalk, pavement, walkway and roadway to exist; in failing to repair said sidewalk, pavement, roadway and surrounding area; in causing said sidewalk, pavement, walkway and roadway to become broken and cracked and depressed; in creating the dangerous and defective condition; in negligently performing work at said location; in causing the sidewalk, pavement and roadway to become broken; in improperly repairing and maintaining the aforesaid location; in causing and allowing a hole to exist; in negligently covering up said hole and defective condition; in causing and allowing the aforesaid sidewalk, pavement and roadway to be raised and uneven with the adjoining roadway; in failing to repair the hole at said location on the sidewalk, pavement and roadway; in improperly installing the aforementioned sidewalk, pavement and roadway thereat; in causing the sidewalk, pavement and roadway to be raised and broken; in improperly laying cement on said sidewalk, pavement and roadway; in failing to repair said sidewalk, pavement and roadway; in negligently repairing said sidewalk, pavement and roadway; in causing and allowing said sidewalk, pavement and roadway to become raised and uneven; in negligently performing repairs at the aforesaid location; in causing the sidewalk,

pavement and roadway area to sink and be uneven with the cement next to it; in improperly laying cement at said location; and in failing to repair, backfill or pave said condition.

27. That prior to the aforementioned occurrence, the defendants knew or should have known of the aforementioned dangerous and defective condition.

28. That by reason of the premises aforesaid, this plaintiff was rendered sick, sore, lame and disabled and her injuries, upon information and belief, are of a permanent character. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care and attention and treatment and she is informed, and she verily believes, that she will in the future be obliged to incur further expense and obligations for medicines, medical care and attention and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage in a sum which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower Courts, all together with the costs and disbursements incurred herein, and for such other, further and different relief as the Court deems just and proper.

Dated: Garden City, New York
October 14, 2021

Yours, etc.,

SANDERS, ARONOVA, GROSSMAN,
WOYCIK, VIENER & KALANT, PLLC

_____
MICHAEL F. VILLECK
Attorneys for Plaintiff
**LOVE PIERRE-ALCIME**

100 Garden City Plaza, Suite 500
Garden City, New York 11530
(833) 726-3377
**FILE #:** <u>SAG-TRIP & F-67359</u>

## ATTORNEY'S VERIFICATION

**MICHAEL F. VILLECK**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, attorneys of record for Plaintiff, **LOVE PIERRE-ALCIME**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

Dated: Garden City, New York
       October 14, 2021

_____
**MICHAEL F. VILLECK**